UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KOE JU JOHN SONG,<br><br>    Plaintiff<br><br>v.<br><br>GREENFIELD GREENERY, LLC,<br>ELIZABETH S. STAINTON, and<br>GILES W. McNAMEE,<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No.:  3:25-cv-<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

COMPLAINT AND DEMAND FOR JURY TRIAL

INTRODUCTION

1. Plaintiff Koe Ju John Song brings this suit to recover unpaid wages for his employment by the Defendants Greenfield Greenery, LLC, from May 1, 2022, to March 19, 2023.

PARTIES

2. Plaintiff, Koe Ju John Song ("Song"), resides at 35 Baltusrol Way, Short Hills, Township of Millburn, Essex County, New Jersey.

3. The defendant, Greenfield Greenery, LLC ("Greenery"), is a Massachusetts corporation organized in 2020; its usual place of business is at 493 Leyden Road, Town of Greenfield, Franklin County, Massachusetts, and its resident agent is David Dryer of 2 Seaport Lane, Suite 300, Boston, Massachusetts.

4. The defendant Elizabeth S. Stainton ("Stainton"), was at all pertinent times a manager of the Greenery; she resides at 439 Wilder Hill Road, Shelburne Falls, Franklin County, Massachusetts.

5. The defendant Giles W. McNamee ("McNamee") on information and belief was at all pertinent times a principal of Greenery; he resides at 439 Wilder Hill Road, Shelfurne Falls, Franklin County, Massachusetts.

JURISDICTION

6. As set forth below, the amount in controversy in this action exceeds $75,000.

7. This Honorable Court has diversity jurisdiction of this matter because of the amount in controversy, and because the plaintiff resides in state of New Jersey while the individual defendants reside in the Commonwealth of Massachusetts, and Greenery is a Massachusetts corporation that at all pertinent times has operated primarily in Massachusetts.

FACTS

8. Plaintiff Song is a 1996 graduate of the Yale School of Management, with a master's degree in business administration and finance

9. Song became a certified public accountant since 2002.

10. After 20-years working in investment and finance, mostly in New York City, Song became interested in the rapidly emerging business of cannabis cultivation.

11. In 2018 Song co-founded a Massachusetts company, EOS Farm LLC, to raise cannabis on property in Pittsfield, Massachusetts.

12. Due to difficulty in raising capital, and complex and changing requirements of the Massachusetts Cannabis Control Commission ("CCC"), the company's progress was slow.

13. In 2022 Song left EOS Farm to take a job in Greenfield, Massachusetts, with the Greenery, a cannabis grower firm organized in 2020.

14. Based on stated expectations of its owners and staff, including Stainton and McNamee, at all pertinent times Song reasonably believed that once the Greenery obtained preliminary licensing by the CCC it would gain access to the capital needed to launch large scale cannabis production on the property located at 493 Leyden Road, Greenfield.

15. On or about May 1, 2022 the Greenery, by its manager Elizabeth Stainton, hired Song to work in development of a cannabis growing enterprise for an annual wage of $125,000.

16. Song started work at the Greenery May 1, 2022.

17. For the next ten-and-a-half months, he performed a variety of tasks for the Greener in all aspects of the enterprise, including but not limited to licensing, financial management, detailed written operations procedures for CCC approval, and plans for training of staff in the procedures.

18. Along with the other four people on Greenery's staff, Song labored doing site work and construction for the planned 100,000 square foot cannabis growing area with processing facilities on a 14-acre property in Greenfield.

19. From May 1, 2022, to March 19, 2023, Song worked 10 hours a day, six days a week (seven days occasionally), at hard labor as well as administrative, accounting, and licensing.

20. After Song started working Stainton told him his pay would be delayed due to delay in financing and that his pay would be brought current. once the company had the expected financial backing.

21. Based on repeated assurances on different occasions from Stainton and on other occasions from McNamee, Song was given assurances by them and by Greenery that the company owed him a valid debt in wages and that his wages would be paid.

22. With assurances from his employer Greenery, its manager Stainton and principal McNamee, that financing had been delayed but was still expected, that his wages were payable and would be paid, Song continued working in order to move the enterprise toward licensing, production, and financing.

23. But as the project progressed through preliminary licensing and then, in January 2023, final licensing, the financial picture did not change, and Song remained unpaid.

24. In March of 2023 Song found that his financial condition due to lack of pay had deteriorated to the point that he could not continue working without income and that he must find a paying job.

25. He left the Greenery March 19, 2023, with assurances of Stainton and McNamee that the company would honor its debt in unpaid wages to Song.

26. At the time of his departure Song's unpaid wages for his work at Greener starting May 1, 2022, amounted to $110,616.44 based on the agreed upon annual rate of $125,000.

27. Shortly thereafter Song relocated to New Jersey and returned to work in the financial sector.

28. Early in 2024, Song spoke by telephone with McNamee, who again acknowledged to Song that Greener owed him wages at an annual rate of $125,000 for the period May 1, 2022, to March 19, 2023.

29. To date no payment has been tendered to Song by or on behalf of Greener for his unpaid wages.

COUNT I
Breach of Contract
Greenfield Greenery, LLC

30. Each of the previous paragraphs is incorporated as if fully set forth herein.

31. On or about May 1, 2022 the Greenery, by its manager Elizabeth Stainton, hired Song to work in development of its cannabis growing enterprise for an annual wage of $125,000.

32. As set forth herein, Song competently and fully performed his duties and obligations under the said agreement from May 1, 2022, through March 19, 2023.

33. Despite Song's performance of his obligations under the agreement, the Greenery did not pay him any of the compensation it had agreed to.

34. Song was forced to terminate his employment due to economic necessity resulting from the Greenery's failure to perform its contractual obligation to pay his wages.

35. Before and after Song ended his employment with the Greenery, Stainton and other members of its management and ownership group acknowledged and reaffirmed the company's debt and obligation to Song to pay him the compensation it had agreed to pay and promised to perform this obligation at some unspecified time.

36. To date neither the Greenery or any employee, agent, principal, or representative on its behalf have tendered any payment of the debt in whole or in part or and collateral for guarantee of payment in any real property or financial asset.

37. Due to the Greenery's unjustified, unexcused breach of its contract with the plaintiff Koe Ju John Song, he has been deprived of $110,616.44 in income for the work performed under the said contract, this being the *pro rata* share of the annual wages promised of $125,000, for the period worked of May 1, 2022 through March 19, 2023.

COUNT II
Violation of the Wage & Hour Act, M.G.L. c. 149 §§ 148, 150
Greenfield Greenery, LLC, Elizabeth S. Stainton

38. Each of the previous paragraphs is incorporated as if fully set forth herein.

39. By their employment of plaintiff Koe Ju John Song and acceptance of the benefits of his work under an agreement of employment in return for wages, the defendants incurred an obligation under the law, M.G.L. c. 149 § 148, to pay his wages.

40. The defendants have failed and refused to pay the plaintiff earned, and thereby have violated and remain in violation of the statute.

41. On or about April 2, 2024, the plaintiff filed a complaint with the Massachusetts Attorney General's Fair Labor Division for his unpaid wages due from and promised by Greenfield Greenery, LLC, and Elizabeth S. Stainton in compliance with M.G.L. c. 149 § 150.

42. The following day, April 3, 2024, the Fair Labor Division issued a Private Right of Action letter pursuant to the said statute.

43. Plaintiff Song has a valid claim under the Wage and Hour Act for unpaid wages from his employment with the Greenfield Greenery from May 1, 22022 through March 19, 2023, in the amount of $110,616.44.

44. As a matter of law, due to their violations of M.G.L. c. 149 § 148 pursuant to § 150 the defendants must pay $331,849.32 to the plaintiff to satisfy his claim.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to issue judgment in his favor and order the following relief:

- All compensatory damages payable;
- Treble compensatory damages pursuant to M.G.L. c. 149 § 150
- All attorney fees allowable
- All other relief as the Court may find is just.

PLAINTIFF REQUESTS JURY TRIAL AS TO ALL ISSUES SO TRIABLE

Respectfully submitted,

/s/ *Robert A. Scott*
Hector E. Pineiro BBO# 555315
Robert A. Scott BBO# 648740
Law Office of Hector E. Pineiro, P.C. 807 Main Street
Worcester, MA 01610
T. (508) 770-0600
F. (508) 770-1300
robin@pineirolegal.com

DATED: July 7, 2025.